Andrew A. Bao, Esq.
Nevada State Bar No. 10508
abao@abao.law
Andrew Bao & Associates
8120 S. Rainbow Blvd, Suite 100-163
Las Vegas, Nevada 89139
Tel: (702) 659-7302

Attorneys for Plaintiff
Ai Hua Miao

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ai Hua Miao | Case No.: 3:22-cv-00463 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| CAIE FOODS PARTNERSHIP, LTD, a Nevada limited liability company; CAIE FOODS PRODUCTION, LLC, a Nevada limited liability company, and DOES 1 through 10, Inclusive, | |
| Defendants. | |

COMES NOW Ai Hua Miao ("Plaintiff"), who hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an individual residing in Elk Grove, California.

2. Defendant CAIE Foods Partnership, LTD ("CAIE Partnership") is a Nevada limited liability company with its principal place of business in Sparks, Nevada and at all times relevant herein, is a conducting business in Sparks, Nevada.

3. Defendant CAIE Foods Production, LLC ("CAIE Production") is a Nevada limited liability company with its principal place of business in Sparks, Nevada and at all times relevant herein, is a conducting business in Sparks, Nevada.

4.	Plaintiff is ignorant of the true names and capacities, whether corporate, individual, or otherwise, of the other defendants, and therefore sues those defendants herein as DOES 1 through 10, inclusive.  When Plaintiff ascertains the identities and exact nature of such fictitious defendants, it will seek leave of this Court to amend this Complaint to assert the true names thereupon.

5.	This Court has personal jurisdiction over Defendant because its principal place of business is within this Court's jurisdictional boundaries.

6.	This Court has subject matter jurisdiction as there is diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332.  Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a).

7.	Venue is proper because the acts and omissions at issue were conducted in Washoe County, Nevada.

## GENERAL ALLEGATIONS

8.	In February 2020, Plaintiff's family viewed a newspaper advertisement from CAIE Partnership.  The advertisement represented that CAIE Partnership could assist foreign nationals with the immigration process to obtain U.S. residency (**Exhibit A** hereto at 13-17).

9.	Plaintiff, being a foreign national seeking a better life for her and her young son, decided to listen to CAIE Partnership's proposal.  Thus, Plaintiff and her brother discussed this matter with "Caie George" or "Alan George" of CAIE Partnership, along with an individual named "Penny."  These individuals represented to Plaintiff the advantages of investing in CAIE Partnership as a method of obtaining an investment immigration visa.  These individuals further advised Plaintiff that CAIE Partnership had previously assisted many other immigrants in the same manner.

10.	As a result of these discussions, on or about February 12, 2020, Plaintiff and CAIE Partnership (through Alan George) entered into a contract, attached as **Exhibit B** hereto.  Since Plaintiff was a foreigner not fluent in English, the contract was written in Chinese and English.

11.	The contract, amongst other terms, stated that in exchange for Plaintiff paying $400,000.00 U.S., CAIE Production would take a series of actions to obtain immigration status for Plaintiff and her young son (**Exhibit B,** pages 3-8).

12. After transferring the $400,000.00, CAIE Partnership registered a company for Plaintiff, performing one of the terms set forth in the contract (**Exhibit B**). This led Plaintiff to believe that CAIE Partnership would also perform the other terms of the contract in a timely manner to successfully complete the immigration process. Alan George, Caie George or Penny again represented to Plaintiff that the immigration process would be completed within one year. They also represented that the attorney fees for immigration services was $8,000 and that the remaining $400,000.00 would be used to process the immigration as needed, with remaining amounts to be returned to Plaintiff.

13. In March 2020, Penny advised that an attorney had been hired.

14. In March 2020, the COVID pandemic affected the world.

15. However, between March 2020 and March 2021, Plaintiff continually followed up with CAIE Partnership, specifically Penny, regarding her immigration case.

16. During this time period, Penny advised on multiple occasions that CAIE Partnership would contact the attorney and ask the attorney to move the case forward. Penny would also provide a variety of different explanations to Plaintiff for the delay in her case, such as the attorney having a death in her family or the attorney / her staff contracted COVID and could not process Plaintiff's case.

17. Given the COVID lockdowns Plaintiff believed that it was possible this matter could be delayed for some time.

18. However, after 1 year had passed and only being given continued excuses for why her immigration case was not moving forward, in March 2021 Plaintiff demanded that her money be returned since CAIE Partnership had not provided any indication her immigration case was moving forward. Penny, Alan George and/or Caie George promised to refund part of her investment.

19. Instead of refunding said monies, Penny informed Plaintiff that another employee, Wendy Deng, would assist Plaintiff in processing her immigration application. Wendy requested certain documents via email, and Plaintiff provided Wendy all available documents she possesed to respond to the requests.

20. In March 2021, Penny also continually represented to Plaintiff they would ask the

3
**COMPLAINT**

attorney to move her case forward.

21. Another 6 months went by with no progress. There were no further requests for documents or any communications from CAIE Partnership. Alan George, Caie George and Penny ceased responding to Plaintiff despite Plaintiff's multiple, frantic attempts to request the status of her immigration case.

22. Finally, in September 2021, an individual named Mark Ma at CAIE Partnership advised Plaintiff he was now in charge of her case. Mark asked for additional documents to move forward with the immigration matter. Plaintiff provided these documents.

23. Again, no progress was made. After several follow ups, in December 2021 Mark advised that Plaintiff that the provided documents in March 2021 and September 2021 needed to be translated to English to move forward with the immigration case.

24. Plaintiff was very upset because after several months of providing documents, CAIE for the first time advised Plaintiff that she needed to translate the documents and that basically her immigration case has not moved forward at all. She was never told prior to December 2021 that this needed to be done.

25. On January 7, 2022, Plaintiff provided the translated documents to Mark Ma.

26. On January 12, 2022, Mark Ma advised that the documents were received and provided to the immigration attorney. Mark also indicated he would follow up as to status.

27. On February 14, 2022, Plaintiff asked Mark for status. Mark stated he would follow up, but that he has been having trouble communicating with the attorney since the attorney's office was infected with COVID and thus has been unresponsive.

28. On February 23, 2022, Plaintiff again followed up as to status.

29. Mark did not respond until March 10, 2022. Mark apologized for the delay and indicated the documents were provided to the attorney's office. He indicated they would follow up again.

30. On April 11, 2022, Plaintiff again asked for the case status. Mark again stated he would contact the attorney to follow up.

31. On June 10, 2022, Plaintiff again followed up. Mark stated that the attorney was busy

with meetings but that the attorney is moving forward with the immigration paperwork.  Mark stated Penny already met with the attorney twice to discuss Plaintiff's case.

32. Plaintiff arrived in the United States on July 16, 2022.

33. On July 24, 2022, Plaintiff demanded to know the identity and contact information of the attorney handling the case, as again CAIE Partnership did not advise Plaintiff of the status of her case.

34. On July 27, 2022, Mark Ma advised Plaintiff of the identity of the attorney but did not provide any contact information.  Mark stated he would follow up with the attorney again.

35. On July 28, 2022, Mark told Plaintiff that he did not have the attorney's telephone number because the attorney moved offices.  Plaintiff said this was impossible given Penny had prior contact with the attorney and that Mark had been following up with the attorney.  Mark then changed his story, stating that if Plaintiff contacted the attorney directly it would cost $300 an hour.

36. During June / July 2022, Mark also informed Plaintiff several times that the attorney is very busy and does not respond.

37. On August 17, 2022, Plaintiff spoke with Mark and again Mark said he could not get in touch with the attorney.  Plaintiff then asked for proof that the immigration was filed or moving forward.  Mark told Plaintiff that he never said the attorney filed anything and he was unaware if an immigration case was pending.  Mark stated he was "only a worker" at CAIE Partnership and that Plaintiff needed to speak with Penny.

38. However, Penny had ceased responding to Plaintiff since 2021.  Thus, it became clear that all of the individuals at CAIE Partnership may have been lying to Plaintiff this entire time.

39. Due to these circumstances, Plaintiff sought legal assistance in late August 2022.  After investigating the matter, Plaintiff's counsel contacted the attorney that CAIE Partnership allegedly hired on Plaintiff's behalf.

40. The attorney advised that no immigration case was ever filed on Plaintiff's behalf (**Exhibit C**).  This was confirmation that CAIE Partnership has taken no actions on Plaintiff's behalf despite the various promises and representations made between March 2020 and July 2022.

41. The attorney further advised that CAIE Partnership, through Wendy Deng, had

continuously advised the attorney that Plaintiff was not providing documents.  This is completely false, as set forth above Plaintiff continuously contacted CAIE Partnership for an immigration status and provided documents in March 2021 and September 2021.  CAIE Partnership has never otherwise requested documents from Plaintiff or advised that the attorney was requesting documents. There is no indication that CAIE Foods ever advised the attorney that Plaintiff wished to speak directly with the attorney.

42. Plaintiff has filed a police report against CAIE Partnership as a result of the above referenced circumstances.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against CAIE Foods Partnership, LTD)

43. Plaintiff re-alleges and incorporates all of the prior allegations as if set forth in full.

44. On or about February 14, 2020, Plaintiff and CAIE Partnership entered into a contract.  In exchange for Plaintiff investing $400,000.00 in the company, CAIE Partnership would perform a series of tasks to provide Plaintiff with immigration services and ultimately residency for Plaintiff and her young son (See **Exhibit B**).

45. Plaintiff paid the $400,000.00 to CAIE Partnership, in full, by March 2020.

46. As of this complaint, CAIE Foods has not performed any of the agreed upon contract terms except for opening a business for Plaintiff.

47. CAIE Partnership has breached the contract as a result of this non-performance.

48. As a result of this breach, Plaintiff has suffered at least $400,000.00 in actual damages.  Furthermore, Plaintiff has suffered further damages to the extent that she may be deported due to CAIE Partnership's failure to perform the immigration services set forth in the contract.

## SECOND CLAIM FOR RELIEF

### (Fraud – Against CAIE Foods Partnership LTD)

49. Plaintiff re-alleges and incorporates all of the prior allegations as if set forth in full.

50. As detailed in the paragraphs above, CAIE Partnership, through several individuals named Alan George, Caie George, Penny, Wendy Deng and Mark Ma, continuously made false representations to Plaintiff concerning the status of her immigration case between March 2020-

August 2022.

51. Plaintiff is informed and believes that Defendants were well aware that these representations were false. As detailed above Defendants, through various individuals identified herein, misrepresented the status of her immigration case to Plaintiff for more than two years (March 2020-August 2022). As of October 5, 2022, the attorney CAIE Partnership allegedly hired on Plaintiff's behalf confirmed that she has never filed anything on Plaintiff's behalf (**Exhibit C**).

52. Instead, based on the attorney's letter (**Exhibit C**), it appears the individuals at CAIE Partnership had been misrepresenting Plaintiff's involvement to the attorney.

53. Thus, the multiple, repeated CAIE representations to Plaintiff that the hired immigration attorney was "too busy" to respond or that Plaintiff's immigration case was "progressing" were simply lies. As detailed above, there are numerous other misrepresentations CAIE individuals made to Plaintiff, such as the attorney had a death in her family, the attorney's office moved or that Penny met with the attorney twice to discuss Plaintiff's case.

54. Plaintiff is informed and believes and thereon alleges that CAIE Partnership had intent to induce Plaintiff to refrain from taking further action in reliance upon said misrepresentations. By continually causing Plaintiff to believe that CAIE Partnership was taking actions on her behalf to advance her immigration application, Plaintiff did not further demand a refund of her $400,000.00 or report the matter to the proper authorities.

55. This reliance was justified. Plaintiff is a foreign national who was not present in the country between February 2020 and June 2022. Plaintiff is not fluent in spoken or written English and all discussions with individuals at CAIE Partnership were in Chinese. Plaintiff was led to believe that CAIE Partnership was in the process of performing obligations to her. Plaintiff made multiple attempts over 2 years to determine what actions CAIE Partnership was taking on her behalf and on several occasions demanded her money back. Each time, as identified above, CAIE Partnership would make a new misrepresentation with the intent that Plaintiff continue to rely on said false statements.

56. As a result of this reliance, Plaintiff has now been damaged in the amount of $400,000.00.

57. In addition, punitive damages should be assessed against Defendant CAIE Partnership for its fraudulent actions. The above referenced allegations demonstrate Defendant has acted with oppression, fraud or malice. N.R.S. 42.001.

### THIRD CLAIM FOR RELIEF

**(Conspiracy to Commit Fraud – Against All Defendants)**

58. Plaintiff re-alleges and incorporates all of the prior allegations as if set forth in full.

59. Acts of overt fraud committed by persons acting on behalf of CAIE Partnership (Alan George, Caie George, Penny, Wendy Deng and Mark Ma) are detailed above. Thus, an underlying cause of action for fraud has been alleged.

60. Plaintiff is informed, believes and alleges that instead of using the $400,000.00 Plaintiff paid to CAIE Partnership to conduct agreed upon immigration services, CAIE Partnership used the money to maintain or otherwise fund its business ventures.

61. CAIE Productions is owned by Mark Ma, who was one of the individuals who committed the alleged fraud set forth herein.

62. Thus, Plaintiff further is informed, believes and alleges that CAIE Partnership and CAIE Productions engaged in a conspiracy and scheme to defraud Plaintiff of $400,000.00. In engaging in such fraudulent actions, Plaintiff is informed and believes and thereon alleges that Defendants concocted or otherwise invented an enterprise through their concerted fraudulent and unlawful efforts and conduct to effectively engage in racketeering activity.

63. As a result of this conspiracy, Plaintiff has now been damaged in the amount of $400,000.00.

64. In addition, punitive damages should be assessed against Defendant CAIE Partnership and CAIE Production for its fraudulent actions to defraud Plaintiff. The above referenced allegations herein demonstrate Defendants has acted with oppression, fraud or malice. N.R.S. 42.001.

### FOURTH CLAIM FOR RELIEF

**(Constructive Trust – Against All Defendants)**

65. Plaintiff re-alleges and incorporates all of the prior allegations as if set forth in full.

66. Plaintiff entered into a contract with CAIE Partnership to perform immigration services. Plaintiff has alleged that CAIE Partnership defrauded Plaintiff. Plaintiff has alleged that CAIE Production conspired with CAIE Partnership. As detailed above, Mark Ma made several of the misrepresentations to Plaintiff on behalf of CAIE Partnership. Mark Ma is also the owner of CAIE Production.

67. Thus, Plaintiff is informed, believes and alleges that CAIE Partnership or CAIE Production may have possession of some, or all of the $400,000.00 Plaintiff paid. Retention of this money by either Defendant herein would be inequitable and unjust.

68. Accordingly, the creation and/or existence of a constructive trust for this $400,000.00 is essential to the effectuation of justice.

## FIFTH CLAIM FOR RELIEF

### (Injunctive Relief-Against all Defendants)

69. Plaintiff re-alleges and incorporates all prior allegations as if set forth in full.

70. As set forth herein, Defendants have taken $400,000.00 from Plaintiff.

71. Plaintiff is informed and believes that Defendants, once this lawsuit is filed, will attempt to further transfer any available funds to other entities or parties.

72. Plaintiff has no adequate remedy at law if Defendants are without ability to satisfy any judgment issued in this matter at the time of trial.

73. Plaintiff will face immediate, permanent and irreparable harm if injunctive relief is not provided to freeze any assets Defendants may have. Plaintiff has given Defendants her life savings in order to seek immigration services for her and her young son. Should Defendants be able to further abscond with any available monies, Plaintiff will suffer irreparable harm as a result.

74. Plaintiff has a reasonable likelihood of succeeding on the merits in this case.

75. Accordingly, Plaintiff seeks a temporary restraining order, preliminary injunction or permanent injunction enjoining Defendants' assets until judgment is rendered in this case.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For actual damages exceeding $400,000.00;
2. For punitive damages in accordance with NRS 42.001;
3. That injunctive relief, either by temporary restraining order, preliminary or permanent injunction relief be issued to freeze Defendants' assets;
4. For a constructive trust to freeze Defendants' assets;
5. Reasonable attorney's fees and costs;
6. Costs of suit incurred herein;
7. For other relief this Court deems just and proper.

DATED:                                            WOLFE & WYMAN LLP

By: _____
Andrew A. Bao, Esq.
Nevada State Bar No. 10508
8120 S. Rainbow Blvd, Suite 100-163
Las Vegas, Nevada 89139
Tel: (702) 659-7302
For Plaintiff *Ai Hua Miao*