Andrew A. Bao, Esq.
Nevada State Bar No. 10508
abao@abao.law
Andrew Bao & Associates
8120 S. Rainbow Blvd, Suite 100-163
Las Vegas, Nevada 89139
Tel:  (702) 659-7302

Attorneys for Plaintiffs
Ai Hua Miao and Shenzhen Dazhen Electronics

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AI HUA MIAO, an individual; SHENZHEN DAZHEN ELECTRONICS CO. LTD., a foreign corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>CAIE FOODS PARTNERSHIP, LTD, a Nevada limited liability company; CAIE FOODS PRODUCTION, LLC, a Nevada limited liability company, and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No.: 3:22-cv-00463-ART-CLB<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER GOVERNING DOCUMENTS PRODUCED PURSUANT TO THIRD PARTY SUBPOENA DUCES TECUM TO U.S. BANK** |

Plaintiffs AI HUA MIAO and SHENZHEN DAZHEN ELECTRONICS CO. LTD. ("Plaintiffs") and Defendants CAIE FOODS PARTNERSHIP, LTD. and CAIE FOODS PRODUCTION, LLC ("Defendants"), by and through their respective counsel of record, hereby stipulate and agree as follows:

1. Plaintiffs seek monthly bank statements of Defendant CAIE FOODS PARTNERSHIP, LTD. ("CAIE Foods"), ending in U.S. Bank Account No. 0870 between the months of February 2020, and June 2023.

2. This production contains confidential, proprietary, and commercially sensitive documents reflecting CAIE Foods's bank statements.  These bank statements and any information obtained via U.S. Bank's response to the Subpoena Duces Tecum ("SDT") will hereinafter be

referred to as "Protected Materials."

3. Plaintiffs served the Notice of Intent and Subpoena Duces Tecum to U.S. Bank to Defendants on June 14, 2023 ("Notice of Intent"). Defendants were granted an extension to respond to the Notice of Intent due to a recent filing of the substitution of counsel of record wherein Defendants obtained new counsel. Further, Defendants objected to the SDT on July 20, 2023. Plaintiffs' and Defendants' counsel have engaged in extensive meet and confer efforts to balance the interests of the parties and have agreed to enter into this Stipulated Protective Order governing the Protected Materials identified herein.

4. The Protected Materials produced by U.S. Bank, or any of its authorized agents, pursuant to the SDT shall be subject to the following:

    a. For all Protected Materials received from U.S. Bank in response to the SDT, Plaintiffs will designate Protected Materials as such by stamping them as "CONFIDENTIAL" and bate stamp them separately from other documents produced in this action; and

    b. Any party receiving Protected Materials (including those persons listed in paragraph 6) may not disclose the Protected Materials to anyone except in accordance with the terms of this Stipulated Protective Order.

5. Plaintiffs may challenge the designation of any Protected Materials on the grounds that it does not qualify for protection, but must do so in good faith, and must begin the process by notifying Defendants, in writing, of the challenge, setting forth in reasonable detail the reasons for the challenge and identifying the challenged Protected Materials by bates stamp number.

    a. If Defendants agree with the challenge by Plaintiffs, Defendants' counsel will promptly notify that it is withdrawing or changing the designation of the Protected Materials; and

    b. If Defendants do not agree with the challenge by Plaintiffs, counsel shall meet and confer concerning the challenge. If the parties are not able to resolve the dispute, either party may seek relief from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, all parties shall continue to afford the Protected Materials in question the level of protection to which it is entitled by its original designation.

6. The Protected Materials may be disclosed by the receiving party only to persons

listed in (a)-(f) below, but only upon each receiving party executing the Acknowledgment and Agreement to be Bound by Order ("Acknowledgement"), attached hereto as Exhibit A. Any executed Acknowledgement shall be provided to counsel for both Plaintiffs and Defendants prior to the Protected Materials being disclosed, except for counsel for Plaintiffs and Defendants and any Court and its personnel that has jurisdiction over this civil action only:

      a.      Counsel for Defendants (including both outside and in-house counsel), including their associates, staff and contract attorneys, clerks, and secretarial and clerical personnel;

      b.      Plaintiffs' current officers, directors, and employees who are responsible for overseeing or assisting with this litigation;

      c.      Counsel for Plaintiffs (including their associates, staff and contract attorneys, clerks, and secretarial and clerical personnel;

      d.      Any settlement judge or mediator;

      e.      Qualified persons taking testimony involving such information, and necessary stenographic, videotape, and clerical personnel;

      f.      Retained independent experts, advisers, or consultants who are assisting counsel in the prosecution or defense of the action (and their secretarial and clerical personnel); and

      7.      Such disclosures are authorized only to the extent necessary to prosecute or defend the claims in this action. Nothing in this Stipulated Protective Order shall prevent counsel from providing legal advice to their clients. Any other use is prohibited except by consent of the parties or by order of the court. Notwithstanding the above, Caie Foods is free to do whatever it desires with its own Protected Materials.

      8.      Nothing in this Stipulated Protective Order shall prevent any party from using excerpts of information from the Protected Materials in connection with any hearing, motion, brief, appeal, or other proceeding in this action. However, if any party uses any part of the Protected Materials—to include information derived from the Protected Materials— protected by the instant order, pursuant to or in support of any motions, briefs, appeals or other proceedings, the Protected Materials must be filed under seal. Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave

to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures.

9.     Nothing in this Stipulated Protective Order shall prevent the use in open court, at any hearing or at trial of this case, of any material that is subject to this Stipulated Protective Order or filed under seal pursuant to the provisions herein. Any court hearing which refers to or describes information filed under seal in accordance with this Stipulated Protective Order, in the court's discretion, may be held *in camera*. Any party desiring that hearing or any portion thereof be held *in camera*, or that the trial or any portion thereof be conducted *in camera*, may make a separate motion requesting such treatment.

10.    If any person receiving the Protected Materials or information: (a) is subpoenaed in another action; or (b) is served with a demand in another action to which he or she is a party; or (c) is served with any other legal process by one not a party to this litigation seeking the Protected Materials or information that would reveal a material portion of the Protected Materials' content, said person shall give prompt written notice of such to counsel of record herein and object to its production. Nothing herein shall require any person to challenge or appeal any order requiring production of Protected Materials covered by this Protective Order, or to subject himself or herself to any penalties for non-compliance with any legal process or order, or to seek any relief from any court.  No party shall oppose a producing party's efforts to challenge a subpoena, demand, or other legal process calling for the production of these Protected Materials or any material subject to this Protective Order.

11.    Any inadvertent disclosure of the Protected Materials or any information contained in or derived from the Protected Materials by any party to this action to any other party, person, or entity shall not be deemed a waiver of the confidentiality of the information contained therein. Any such inadvertently disclosed information shall be returned immediately to the disclosing party upon the discovery thereof. In the event such disclosure is to a non-party, the disclosing party must immediately demand return of the disclosed material and if the demand is rejected file a motion in the appropriate court to obtain an order directing return of the Protected Materials, and in this action promptly submit a notice of such motion.

12. In agreeing to terms of this Stipulated Protective Order, the parties have not waived:

    a. any right to seek another order from the Court with regard to any document, information, or testimony, whether or not within the purview of this Stipulated Protective Order;

    b. any right to take any other actions available to such party under law regarding any invasion of privacy or breach of confidentiality; and

    c. any right to object to the admissibility of any document or testimony on any grounds.

13. Within ninety (90) days of the conclusion of this action in the Court (whether by judgment, settlement, or otherwise), any party with possession of copies of the Protected Materials and any information that could reasonably reveal a material portion of the Protected Materials' contents must destroy said Protected Materials in a secure manner.  Materials produced in this matter shall remain subject to this Stipulated Protective Order notwithstanding the conclusion of the matter. A receiving party may retain one copy of the Protected Materials during the period within which an appeal may be filed pursuant to FRAP 3(a), and, in the event of an appeal, for the duration any period of the appeal, and if an appeal results in remand to the Court, for the duration of the action in Court following remand.

14. Compliance with the terms of this Stipulated Protective Order is not intended to, nor shall it:

    a. prejudice in any way the rights of any party to object to the production of documents or otherwise to object to the disclosure of information in any other discovery request it considers not subject to discovery;

    b. prejudice in any way the right of any party to seek a determination by the Court (i) whether particular discovery materials should be produced; or (ii) if produced, whether such material should be subject to the terms of this Stipulated Protective Order; and

    c. operate as a waiver of any claim or defense asserted by the parties or of the right, if any, of any party to make any other type of objection, claim, or other response.

15. The Court shall retain jurisdiction over the parties for the purpose of enforcing the Stipulated Protective Order.

**STIPULATED PROTECTIVE ORDER GOVERNING US BANK SDT**

16. This Stipulated Protective Order may be executed in counterparts, each of which will be deemed original, and this Stipulated Protective Order shall become effective upon execution by all parties hereto.

**IT IS SO STIPULATED.**

DATED August 17, 2023.

**ANDREW BAO & ASSOCIATES**

By: */s/ Andrew Bao*
    Andrew Bao, Esq.
    Nevada Bar No. 10508
    8120 S. Rainbow Blvd, Suite 100-163
    Las Vegas, Nevada 89139
    *Attorneys for Plaintiffs*

DATED August 17, 2023

**FLYNN GIUDICI, PLLC**

By: */s/ Shamus Flynn*
    Shamus Flynn, Esq.
    Nevada Bar No. 14870
    3960 Howard Hughes Parkway, Suite 500
    Las Vegas, NV 89169
    *Attorneys for Defendants*

## ORDER

The Court will only retain jurisdiction over this protective order while the case is pending, and its jurisdiction will cease upon dismissal of the case.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 21, 2023.

**STIPULATED PROTECTIVE ORDER GOVERNING US BANK SDT**