UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AI HUA MIAO; SHENZHEN DAZHEN ELECTRONICS CO. LTD.<br><br>Plaintiffs,<br>vs.<br><br>CAIE FOODS PARTNERSHIP, LTD; CAIE FOODS PRODUCTION, LLC<br><br>Defendants. | Case No. 3:22-CV-00463-ART-CLB<br><br>ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br>(ECF NO. 63) |

Plaintiffs Ai Hua Miao and Shenzhen Dazhen Electronics Co. Ltd. bring this action against Defendants CAIE Foods Partnership, Ltd. and CAIE Foods Production, LLC. Before the Court is Plaintiffs' motion for default judgment on their claims for breach of contract, fraud, and punitive damages. (ECF No. 63.) For the reasons discussed below, the Court grants Plaintiffs' motion for default judgment, and grants Plaintiffs leave to file separate briefing on the issue of damages.

**I.   BACKGROUND**

Plaintiffs allege the following relevant facts in their complaint: Plaintiff Miao's family viewed a newspaper advertisement from Defendant CAIE Partnership that represented that CAIE Partnership could assist foreign nationals to obtain U.S. residency. (ECF No. 30 at 2.) Miao and CAIE Partnership entered a contract in February of 2020. (ECF No. 30 at 3.) The contract stated that Miao would pay $400,000.00 in exchange for CAIE Partnership taking a series of actions to obtain U.S. residency for Miao and her young son. (*Id.*) In March 2020, CAIE employees also represented that they hired an immigration attorney for Miao. (*Id.*)

CAIE Partnership made several requests for documents from Plaintiff Miao

for her immigration case. (*Id.* at 3–4.) When Plaintiff Miao advised CAIE that she did not have all the documents, she was advised that CAIE Partnership could still move forward with the immigration process even without all the requested documents. (*Id.*) CAIE continued to make representations to Plaintiff regarding her immigration case, including representations that the attorney had received her paperwork, the paperwork was "moving forward," and CAIE employees had met with the attorney to discuss Plaintiff's case. (*Id.* at 3–5.) From 2020 to 2022, CAIE Partnership gave various excuses for why the immigration case had not moved forward at all despite Miao's "multiple, frantic" attempts to request the status of the case. (*Id.* at 2–5.) For instance, CAIE Partnership represented that the immigration attorney was "too busy," that Plaintiff's immigration case was "progressing," that the attorney had a death in her family, and that the attorney's office moved. (*Id.* at 8.) When Plaintiff requested the immigration attorney's contact information, CIAE employees told her that they did not have the contact information, and that contacting the attorney directly would cost $300 per hour. (*Id.* at 5.) In March of 2021, Plaintiff Miao demanded her money be returned because there was no indication that her immigration case was moving forward. (*Id.* at 3–4.) In response, CAIE Partnership transferred handling of her case to another employee, but never refunded her. (*Id.*)

In July of 2022, Plaintiff Miao arrived in the United States and commenced her own investigation. (*Id.* at 5.) Plaintiff Miao sought legal counsel, who contacted the immigration attorney that CAIE Partnership had allegedly hired and found out that no immigration case had ever been filed on behalf of Miao. (*Id.* at 6.) The immigration attorney advised Plaintiffs' legal counsel that CAIE Partnership had in fact told the attorney that Miao had not been providing documents. (*Id.*)

Plaintiff Miao subsequently filed this suit for breach of contract and fraud. Plaintiff filed the original complaint in this action on October 20, 2022. (ECF No.

1.) The record reflects that Defendant was served with the summons and complaint on October 28, 2022. (ECF Nos. 9, 10.) On July 12, 2024, Defendants' counsel submitted a motion to withdraw as attorney and the Court ordered Defendants to file a substitution of counsel. (ECF No. 58.) On September 9, 2024, Magistrate Judge Baldwin ordered that Defendants had one final extension of time to file a substitution of counsel by October 3, 2024, and warned Defendants that default would be entered against them if they failed to do so. (ECF No. 59.) On October 7, 2024, Defendants had not filed a substitution of counsel, and Magistrate Judge Baldwin entered an order recommending entry of default. (ECF No. 61.) On November 7, 2024, Judge Traum adopted Magistrate Judge Baldwin's recommendation, and the Clerk entered default against Defendant for failure to defend in this action. (ECF Nos. 61, 62.) On January 8, 2025, Plaintiff filed the instant motion for default judgment against Defendant, which the Court now considers. (ECF No. 63.)

## II.     LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Under Federal Rule of Civil Procedure 55(b), after default has been entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Here, default was entered on November 7, 2024 (ECF No. 62) and Plaintiff subsequently filed the instant motion seeking default judgment.

In deciding whether to grant default judgment, the Court considers a range of factors, including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

1   merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)
2   (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). "Upon default,
3   the factual allegations in the complaint are taken as true, except those related to
4   the amount of damages." *Osgood v. Main Streat Mktg., LLC*, No. 16-CV-2415-GPC
5   (BGS), 2018 WL 11408584, at *2 (S.D. Cal. Mar. 21, 2018) (citing *Geddes v.
6   United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

**III.   ANALYSIS**

**A. Possibility of Prejudice to Plaintiff**

The possibility of prejudice to the plaintiff may be satisfied by showing harm and showing that a plaintiff lacks other recourse without default judgment. *Nolan v. Calello*, No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945, at *3 (C.D. Cal. July 8, 2021); *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, No. 2:22-CV-01648-GMN-BNW, 2024 WL 1160715, at *3 (D. Nev. Mar. 15, 2024). Plaintiffs here allege harm in the form of the loss of the $400,000.00 paid for immigration services that were never completed. (ECF No. 30.) Given that Defendants have failed to defend this action since July of 2024, a default judgment is the only means available to compensate Plaintiffs for this harm. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012); *Amini Innovation Corp. v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). This factor therefore weighs in favor of entry of default judgment.

**B. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint**

"Under the second and third *Eitel* factors the Court must examine whether the Plaintiff has plead facts sufficient to establish and succeed upon its claims." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (N.D. Cal. 2010) (citing *Eitel*, 782 F.2d at 1471). "When reviewing a motion for default judgment, the Court must accept the well-pleaded allegations of the complaint relating to liability as true." *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

4

### 1. Breach of Contract

To succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–920 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)).

Here, Plaintiffs allege the existence of a valid contract between the parties. (ECF Nos. 30 at 3; 1–2.) Plaintiffs allege performance on their end: Transferring the 400,000.00 U.S. dollars to Defendants. (ECF No. 30 at 3.) Plaintiffs also allege that Defendants breached: Although Defendants registered a company for Plaintiffs—performing one of the terms of the contract—Defendants performed no further agreed-upon actions on behalf of Plaintiffs. (*Id.* at 3, 6.) For instance, immigration documents were not handed to the immigration attorney as promised, no immigration attorney was hired as promised, and no immigration case was ever filed on Plaintiffs' behalf. (*Id.* at 4–6.) Lastly, Plaintiffs allege that Defendants breach caused damages—the $400,000.00 transferred to Defendants by Plaintiffs per the terms of the contract. (*Id.* at 2-3, ECF No. 30-2.) Plaintiff Miao also alleges that she has suffered damages because she may be deported due to Defendants' failure to perform.

Taking Plaintiffs' well-pleaded allegations as true, Plaintiffs have pleaded facts sufficient to establish and succeed upon their claim for breach of contract. *See Saini*, 434 F. Supp. 2d at 919-20; *Televideo*, 826 F.2d at 917; *Eitel*, 782 F.2d at 1471. This factor accordingly weighs in favor of an entry of default judgment.

### 2. Fraud

To allege fraud, Federal Rule of Civil Procedure 9(b) requires a party to state "with particularity" the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the complaint must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Cuadros v. State Farm Fire and Cas. Co.*,

No. 2:16-CV-2025-JCM-VCF, 2017 WL 2683681, at *4 (D. Nev. June 20, 2017) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Plaintiffs must allege the following elements with particularity: "(1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) that defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Greenstein v. Wells Fargo Bank, N.A.*, 2:14-CV-01457-APG-CWH, 2017 WL 1173916, at *4 (D. Nev. 2017) (quoting *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998)).

Here, Plaintiffs allege several false representations made by Defendants. (ECF No. 30.) For instance, Plaintiffs allege that Defendants "represented to Plaintiff Miao that CAIE Partnership could still move forward with the immigration process even without all the necessary documents." (*Id.* at 3.) This, Plaintiffs allege, turned out to be false: CAIE's immigration attorney explained to the CAIE employees "over and over again" that they "need the complete list of documents before [they] can proceed with the [immigration] application." (ECF No. 30-3 at 2.) Plaintiffs also allege that CAIE's representations that the delays were because immigration attorney was "too busy" to respond, the attorney had had a death in the family, or that the attorney's office had moved were false. (*Id.* at 3-8.) Plaintiffs also allege that CAIE continued to represent that the immigration case was moving forward, although in fact no progress had ever been made and no case ever filed. (*Id.* at 5). In total, Plaintiffs allege that Defendants misrepresented the status of Plaintiffs' immigration case for over two years, from March 2020 to August 2022. (*Id.* at 7.)

Plaintiffs also allege that Defendants knew that they were making false promises and misrepresentations. (*Id.*) Based on the information the immigration attorney provided to Plaintiffs' counsel, no immigration case was ever filed on

behalf of Plaintiff Miao. (*Id.*) Plaintiffs allege that this series of delays and avoidance were to induce Plaintiff Miao into believing that her immigration case was still moving forward and thus refrain from taking any further action. (*Id.* at 8.) All the while, no progress was being made. (*Id.*)

The complaint also alleges that Plaintiffs relied on Defendants' false promises. (*Id.*) In order to establish justifiable reliance, "the false representation must have played a material and substantial part in leading the plaintiff to adopt his particular course." *Blanchard v. Blanchard*, 839 P.2d 1320, 1322 (Nev. 1992). Because of Plaintiffs' reliance on these false representations, Plaintiff Miao did not further demand a refund of her $400,000.00 nor did Plaintiffs report the matter to the authorities during the two-year period of the alleged misrepresentation, resulting in damages. (ECF No. 30 at 6, 8.)

The Court finds that based on the complaint, Plaintiffs have alleged the elements of fraud "with particularity," sufficient to establish and succeed upon their claims. *Greenstein*, 2017 WL 1173916, at *4; Fed. R. Civ. P. 9(b).

### 3. Punitive Damages

Plaintiffs also request punitive damages for their claim for fraud. Punitive damages are a remedy, not a cause of action. *See Community Schools Initiative v. Vanguard Field Strategies, LLC*, 2:23-cv-00069-APG-EJY, 2025 WL 959379, at *10 (D. Nev. March 31, 2025) (citing *Droge v. AAAA Two Star Towing, Inc.*, 468 P.3d 862, 881 (Nev. App. 2020)). As discussed below, the Court orders Plaintiffs to file supplemental briefing on damages, including punitive damages.

### C. Sum at Stake in Relation to Seriousness of Conduct

Under the fourth *Eitel* factor, "the Court considers the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, 2:14-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13,

2016) (citations and internal quotations omitted).

Plaintiffs' motion for default judgment seeks $400,000.00 in damages each for breach of contract, fraud, and in punitive damages, totaling $1,200,00.00. As discussed below, the Court will require Plaintiff to provide supplemental briefing on damages and will thereafter determine what damages Plaintiff is entitled to. Because the Court has not yet determined the precise damages that Defendant will be awarded, this factor weighs neither for nor against Default judgment.

### D. Possibility of Dispute Concerning Material Facts

After the Clerk has entered default, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems*, 826 F.2d at 917–18). As discussed above, Plaintiffs have sufficiently plead facts which support claims for breach of contract and fraud. Accordingly, this factor supports an entry of default judgment.

### E. Excusable Neglect by Defendant

The sixth *Eitel* factor "favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign*, 845 F. Supp. 2d at 1082. Here, the record reflects that Defendants were properly served on October 28, 2022. (ECF Nos. 9, 10.) Defendants participated in this action until their counsel withdrew. Defendants were clearly aware of the action and failed to enter an appearance of counsel after their original counsel withdrew. This failure to defend is very unlikely to be based on excusable neglect, and this factor therefore weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible."

*Eitel*, 782 F.2d at 1472. However, here Defendants' failure to enter an appearance of counsel in this action "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. While this factor weighs against entering default judgment, it does not preclude the Court from granting default judgment. *Id.* As is here, where a defendant's failure to appear makes a decision on the merits impossible, default judgment is appropriate. *See Craigslist*, 694 F. Supp. 2d at 1061.

Based on the factors above, the Court finds that Plaintiffs are entitled to default judgment against Defendants. The Court will order Plaintiffs to submit supplemental briefing regarding damages. Plaintiffs should provide a calculation of the total damages requested, as well as the legal basis for said damages and supporting case law. Damages will be determined after the Court considers said supplemental briefing.

**IV.   CONCLUSION**

It is therefore ordered that Plaintiffs' motion for default judgment (ECF No. 63) is GRANTED.

It is further ordered that Plaintiffs must file supplemental briefing regarding damages. Plaintiff shall submit said supplemental briefing within thirty days of the date of this order.

Dated this 9th day of June 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE