UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AI HUA MIAO, an individual; SHENZHEN DAZHEN ELECTRONICS CO. LTD., a foreign corporation,<br><br>Plaintiffs,<br>v.<br><br>CAIE FOODS PARTNERSHIP, LTD, a Nevada limited liability company; CAIE FOODS PRODUCTION, LLC, a Nevada limited liability company, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 3:22-cv-00463-ART-CLB<br><br>ORDER ON DAMAGES |

Plaintiffs Ai Hua Miao and Shenzen Dazhen Electronics Co. Ltd. ("Plaintiffs") sued Defendants CAIE Foods Partnership, Ltd. and CAIE Foods Production, LLC for breach of contract and fraud. (ECF No. 1.) The Court granted the Plaintiffs' Motion for Default Judgment on June 9, 2025, and requested supplemental briefing on damages. (ECF No. 64.) On July 2, 2025, Plaintiffs filed their supplemental brief. (ECF No. 65.)

## I.    Legal Standard

The scope of relief a Court may award in granting default judgment is limited by the kind and amount of damages which are sought in the complaint. Fed. R. Civ. P. 54(c). A plaintiff must prove up its damages figures with specific evidence. *Nicholson v. Dispack Projects NV*, No. 2:16-cv-01335-RFB-MDC, 2025 WL 1381472, at *2 (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). "Plaintiff's burden in 'proving up' damages is relatively lenient in the default judgment context." *AirDoctor, LLC v. Xiamen Qichuang Trade Co.*, 134 F.4th 552 (9th Cir. 2025)) (Berzon, J., concurring) (citing *Philip Morris USA, Inc.*

1

*v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Proving up may take the form of a declaration. *Reliance Hospitality LLC v.5251 S. Julian Drive LLC*, No. CV-22-00149-TUC-JAS, 2025 WL 1737511, at *3 (D. Ariz. May 30, 2025) (citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016)).

## II.   Analysis

Here, Plaintiffs requested actual damages exceeding $400,000 and punitive damages in accordance with NRS 42.001 in their complaint. (ECF No. 1 at 10.) In their supplemental brief on damages, they request damages under their claim for breach of contract, consequential damages under their claim for fraud, and punitive damages under their claim for fraud. (ECF No. 65.) This satisfies Rule 54(c).

### a.   Damages for Breach of Contract

Plaintiffs seek to recover expectation damages from their breached contract, amounting to $400,000. (ECF No. 65.) "The fundamental principle that underlies the availability of contract damages is that of compensation." *Stratcomms LLC v. Republic of Mali*, No. 2:22-cv-01093-MMD-EJY, 2024 WL 1701943 at *4 (D. Nev. Apr. 18, 2024) (citing 24 Williston on Contracts § 64:1 (4th ed. 2023)). Plaintiffs paid $400,000 to Defendants with the expectation that Plaintiff Miao would be able to immigrate to the United States. Plaintiff's requested damages are therefore reasonable and proportionate to the harm suffered. Although Plaintiff Miao only offers one declaration asserting that she paid the amount on the contract, other courts have found this sufficient to award damages. *See Reliance Hospitality LLC*, 2025 WL 1737511, at *3 (holding that the declaration from plaintiff's executive asserting that defendant failed to adequately fund the hotel's operating account and plaintiff covered expenses out of its own pocket was sufficient to determine direct contractual damages).

### b.   Damages for Fraud

Plaintiffs argue that under their claim for fraud, they should be entitled to

both consequential and punitive damages. (ECF No. 65.)

i. **Consequential Damages**

The Supreme Court of Nevada has held that a plaintiff may recover consequential damages to fully and fairly compensate a victim of fraud. *Davis v. Beling*, 278 P.3d 501, 514 (Nev. 2012). "Consequential damages include items of expense reasonably incurred to minimize the effects of the fraud, damages caused to other property suffered because of the fraud, travel expenses incurred to deal with the problem, commissions paid or added tax burdens, and other items of loss or expense not adequately reflected in the general damages recovery . . ." *Id.* (citing 2 Dan B. Dobbs, *Law of Remedies* § 9.2(3) (2d ed.1993)).

In a declaration, Plaintiff Miao claims she incurred $30,000 in travel expenses between 2020 and 2022 when she traveled from Guandong, China to the United States on a tourist visa for the purposes of investigating the status of her immigration case that was supposedly started by Defendants. (ECF No. 65 at 9.) She also requests $1,000 in immigration expenses she incurred to comply with Defendants' demands surrounding filing necessary paperwork with the Chinese government, general expenses for copying and mailing documents, and other related expenses. (*Id.*) These expenses are damages that Plaintiff Miao reasonably incurred as a response to the deceptive actions of Defendants, and are not duplicative of the damages already awarded for the breach of contract. *See Davis*, 278 P.3d at 319 n.8.

ii. **Punitive Damages**

Under NRS 42.005, a Plaintiff may recover punitive damages for breaches of obligations not arising from contract "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." An award of exemplary or punitive damages made under this section may not exceed "(a) three times the amount of

compensatory damages to the plaintiff if the amount of compensatory damages is $100,000 or more; or (b) three hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." NRS 42.005(1)(a)-(b). Courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered. *Cheetany v. Bergstrom*, No. 2:20-CV-01692-GMN-DJA, 2022 WL 2541778 (D. Nev. June 21, 2022), *report and recommendation adopted,* No. 220CV01692GMNDJA, 2022 WL 2539613 (D. Nev. July 6, 2022).

Nevada's standard for excessiveness of a punitive damage award is the same as the federal standard under the Fourteenth Amendment. *Bongiovi v. Sullivan*, 138 P.3d 433, 451 (Nev. 2006). The Court's considerations for deciding if an award for punitive damages violate due process are: (1) the degree of reprehensibility of the defendant's conduct, (2) the ratio of the punitive damage award to the actual harm inflicted on the plaintiff, and (3) how the punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct. *Id.; see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 ("single-digit multipliers are more likely to comport with due process").

Here, Plaintiffs do not qualify for punitive damages because they have not provided sufficient independent evidence to meet any of the above factors. *See Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016) (denying punitive damages where plaintiff did not meet its burden to show punitive damages were appropriate); *see also Spencer v. Stafford*, No. 2:19-CV-01592-RFB-EJY, 2021 WL 765719, at *4 (D. Nev. Feb. 26, 2021) (awarding punitive damages where the plaintiff provided declarations, affidavits of service, and emails with defendants). While Plaintiffs sufficiently pled the elements of fraud for default judgment, they have not offered any evidence explicitly in support of their claim for punitive damages. *See Hygenix, LLC v. Xie,*

2:21-cv-00957, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022) (denying punitive damages where plaintiff did not offer additional evidence on the award of punitive damages and its requested sum of compensatory damages was proportional to its injury).

Therefore, the Court denies Plaintiffs' request for $800,000 in punitive damages and finds the compensatory and consequential damages award to Plaintiff Miao sufficient and proportional to her injury.

III.    CONCLUSION

It is therefore ordered that Plaintiff Miao is awarded $400,000 in compensatory damages as a third-party beneficiary to the contract and $31,000 in consequential damages against Defendants.

Dated this 20th day of March, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE