**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

AI HUA MIAO, *et al.*,

Plaintiffs,

v.

CAIE FOODS PARTNERSHIP, LTD., *et al.*,

Defendants.

Case No. 3:22-cv-00463-ART-CLB

**ORDER DENYING MOTION FOR JUDGMENT DEBTOR EXAM**

**[ECF No. 72]**

Before the Court is Plaintiff Ai Hau Miao's ("Miao") motion for judgment debtor exam. (ECF No. 72.)[1] For the reasons stated below, the Court denies Miao's motion for judgment debtor's exam without prejudice.

On June 9, 2025, Miao's motion for default judgment was granted, (ECF No. 64), and a judgment in the amount of $431,000 was entered against the Defendant Caie Foods Partnership, Ltd. ("Caie Foods"). (ECF No. 66.) Miao now moves the Court to issue an order allowing a debtor's examination of Caie Foods pursuant to NRS 21.270(1)(a). (ECF No. 72.)

NRS 21.270 states as follows:

> 1. A judgment creditor, at any time after the judgment is entered, is entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property, before:
>
> (a) The judge or a master appointed by the judge; or
>
> (b) An attorney representing the judgment creditor,
>
> at a time and place specified in the order. No judgment debtor may be required to appear outside the county in which the judgment debtor resides.
>
> 2. If the judgment debtor is required to appear before any person other than a judge or master:

[1] Caie Foods did not respond.

> (a) The oath or affirmation of the judgment debtor must be administered by a notary public; and
>
> (b) The proceedings must be transcribed by a court reporter or recorded electronically. The transcript or recording must be preserved for 2 years.

Based on the Court's review of the motion, Miao moves that the debtor's exam proceed under NRS 21.170(1)(a), specifically requesting that it be conducted before the undersigned. However, based on the Court's review of the motion, it appears that this is based on Miao's belief that the Court will *conduct* the debtor's exam, on its own, without Miao's counsel present or involved in this process, in order to Miao from incurring additional attorney's fees from attending this debtor's exam. (*See* ECF No. 72 at 2.) The Court finds that this interpretation of the statute is incorrect, and that even if the debtor's exam were to be held before the Court, Miao's counsel would be required to be present and would be expected to conduct the exam.

Although NRS 21.270(1) is not entirely clear on who conducts a debtor's exam, the Court finds it is not the role of undersigned to personally conduct a debtor's exam and is instead the role of the judgment creditor to do so. First, under Federal Rule of Civil Procedure 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Thus, Rule 69 makes it clear the only power the Court has in the enforcement of a money judgment is through a writ of execution and does not suggest the Court would be responsible for conducting such things as a debtor's exam to determine what property or assets are available to satisfy the judgment. *See* Fed. R. Civ. P. 69.

Additionally, Federal Rule of Civil Procedure 69(a)(2) states that, "[i]n aid of the judgment or execution, the *judgment creditor* or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."

(emphasis added). Thus, Rule 69(a)(2) further underscores that it is the role of the judgment creditor to obtain discovery from the judgment debtor. *See id.* A debtor's exam is a form of discovery and is used to determine what property and/or assets may be available to satisfy a judgment and is conducted via a deposition or direct examination. Thus, Rule 69 seems to suggest it is the role of the judgment creditor to conduct a debtor exam. *See id.*

Third, Miao provides the Court with no authority supporting the theory that NRS 21.270 intends for the Court to personally conduct a judgment debtor's exam for the parties without the presence of the judgment creditor or its counsel. (*See* ECF No. 72.) In fact, the Court, through extensive research of its own, could not find a single case or other legal authority that supports a finding that the judge would personally conduct the debtor's examination as opposed to counsel or the parties.

Finally, the Court finds that conducting a judgment debtor's exam for Miao so they can save on legal fees would run afoul of the Court's obligation to remain neutral and not appear to be working on behalf of, or in support of, one party over another. *Cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004); *accord Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) (noting that "to give [a party legal] advice would entail the district court's becoming a player in the adversary process rather than remaining its referee"). Thus, the Court finds that it is not the role of the undersigned to conduct a debtor's exam and instead the role of the judgment creditor to do so. For all these reasons, the Court finds that it would be improper for it to conduct the debtor's exam, as appears to be suggested by the motion, and therefore, the motion must be denied.

However, if Miao would still like proceed with a debtor's exam under NRS 21.270, Miao is granted leave to refile the motion, with the understanding that Miao's counsel will be required to be present for and conduct the exam, whether the exam occurs in the presence of the Court pursuant to NRS 21.270(1)(a), or before the attorney pursuant to NRS 21.270(1)(b).

///

**IT IS THEREFORE ORDERED** Miao's motion for judgment debtor exam is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED**: July 16, 2026.

______________________________
**UNITED STATES MAGISTRATE JUDGE**